# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR, CDCR #G-60488,<br><br>   Plaintiff,<br><br>   v.<br><br>ETTA MAE GRAY; DISTRICT ATTORNEY; MARION SUGE KNIGHT; BRANDON FAVOR LLP, IMC (1989),<br><br>   Defendants. | Case No.: 20-cv-00396-BAS-LL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Brandon Alexander Favor, currently incarcerated at the California Correctional Institution located in Tehachapi, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) He has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 4.) In addition, Plaintiff has filed a Motion to Appoint Counsel. (ECF No. 2.)

**I.   MOTION TO PROCEED IFP**

   **A.   Standard of Review**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face

an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of this PLRA provision is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152

(9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

### B.  Discussion

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that Plaintiff Brandon Alexander Favor, identified as CDCR Inmate #G-60488, while incarcerated, has had more than three[1] prior civil actions

---

[1] Plaintiff has filed sixty-seven (67) civil rights actions beginning in 2015. *See* www.pacer.gov (website last visited April 21, 2020.)

dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

    (1) *Favor v. Stephanie Fair*, Case No. 2:15-cv-05834-JGB-JEM (C.D. Cal. Aug. 10, 2015) (order denying request to proceed IFP, dismissing case as frivolous, malicious, or for failing to state a claim, and indicating that dismissal "may constitute a strike" pursuant to 28 U.S.C. § 1915(g)) (ECF No. 4);

    (2) *Favor, et al. v. Slaveowners*, Case No. 2:15-cv-05839-JGB- JEM (C.D. Cal. Aug. 10, 2015) (order denying request to proceed IFP, dismissing case as frivolous, malicious, or for failing to state a claim, denying leave to amend as futile, and indicating that dismissal "may constitute a strike" pursuant to 28 U.S.C. § 1915(g)) (ECF No. 4);

    (3) *Favor v. Slavemasters*, Case No. 2:15-cv-5840-JGB-JEM (C.D. Cal. Aug. 10, 2015) (order denying request to proceed IFP, dismissing case as frivolous, malicious, or for failing to state a claim, denying leave to amend as futile, and indicating that dismissal "may constitute a strike" pursuant to 28 U.S.C. § 1915(g)) (ECF No. 4); and

    (4) *Favor v. Los Angeles District Attorney, et al.*, Case No. 2:15-cv-05875 (C.D. Cal. Aug. 10, 2015) (order denying request to proceed IFP, dismissing case as frivolous, malicious, or for failing to state a claim, denying leave to amend as futile, and indicating that dismissal "may constitute a strike" pursuant to 28 U.S.C. § 1915(g)) (ECF No. 4).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP

status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. CONCLUSION AND ORDERS

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 4) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES WITHOUT PREJUDICE** this action *sua sponte* for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) as moot;

(4) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(5) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

**DATED: April 22, 2020**

Hon. Cynthia Bashant
United States District Judge